**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **AMANDA CLAIRE REEVE,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION FILE NO.** |
| | ) | |
| **GREGORY L. WATTLETON,  and** | ) | |
| | ) | **JURY DEMAND** |
| **THE MONARCH ART CENTER LLC** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| _____ | ) | |

## COMPLAINT

COMES NOW Amanda Claire Reeve, Plaintiff, files this Verified Complaint

against (1) Gregory L. Wattleton and (2) The Monarch Art Center LLC and

shows the following:

### I.   VENUE AND JURISDICTION

1.

This action seeks monetary damages, unpaid wages and overtime wages,

liquidated and actual damages, and attorneys' fees and costs for Defendants'

failure to pay Plaintiff wages as a result of working for Defendants in violation

of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*
(hereinafter "FLSA") and also claims under Georgia laws.

<div align="center">2.</div>

This is an action brought under the FLSA, therefore, this Court has
original jurisdiction of this case based on 28 U.S.C. § 1331.

<div align="center">3.</div>

Plaintiff also asserts claims under Georgia State Law and this Court may
exercise supplemental jurisdiction over Plaintiff's state law claims under 28
U.S.C. § 1367.

<div align="center">4.</div>

This Court has subject matter jurisdiction over the claims herein which
occurred in Fulton County, which is within the Northern District of Georgia.

<div align="center">II.   <u>PARTIES</u></div>

<div align="center">5.</div>

Plaintiff, Amanda Claire Reeve, (hereinafter "Ms. Reeve" or "Plaintiff") is a
resident of the State of Georgia and submits to the jurisdiction of this court.

<div align="center">6.</div>

Plaintiff worked for the Defendants from approximately April 2013

<div align="center">2</div>

through August 2013.  She was an "employee" of Defendants as defined under 29 U.S.C. § 2013(e).

7.

Upon information and belief, Defendant Gregory Wattleton (hereinafter "Defendant Wattleton" or "Wattleton") resides at 675 Metropolitan Parkway, SW, #5070, Atlanta, Georgia 30310 and may also be found at his place of work or any place he might be found.

8.

Defendant Wattleton is an owner and officer of Defendant Art Center.  He also was primarily responsible for supervising and directing Plaintiff's work activities, duties, method of payment and non-payment, and scope of work related time and hours of work.

9.

Defendant Wattleton conducted business as an owner and/or sole proprietor of Defendant Art Center.   In the alternative, Defendant Wattleton is the alter ego of Defendant Art Center, treating himself and the business as one in the same.

3

10.

The Monarch Art Center LLC (hereinafter "Art Center" or "Defendant Art Center") is limited liability company, organized and registered to do business in the State or Georgia, is engaged in interstate commerce, and whose primary business address and last known address is 140 Milton Avenue, Atlanta, Georgia 30315 and whose Registered Agent is Northwest Registered Agent LLC, 300 Colonial Center Parkway, Ste. 100, Roswell, Georgia 30076 located in Fulton County.

11.

Gregory Wattleton is the owner and Chief Executive Officer ("CEO") of Defendant Art Center.

12.

Defendant Wattleton is an employer within the definition of 29 U.S.C. § 203(e).

13.

Defendant Art Center is an employer within the definition of 29 U.S.C. § 203(e).

14.

Defendants are governed by and subject to the FLSA and are joint employers under the FLSA.

15.

Personal jurisdiction and venue are proper in Fulton County, Georgia, the residences of both Defendants and where Defendants conducted substantial business and where the actions and injuries occurred.

### III.   STATEMENT OF FACTS

16.

Since at least April 22, 2013, Defendant Art Center has been and continues to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

17.

Since at least, Defendants have been "employers" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

18.

For example, Defendants have promoted their products and services

outside of the State of Georgia and accepted payments and engaged in transactions that cross state lines.

19.

Defendants employed Plaintiff, who was engaged in interstate commerce and/or in the production of goods for commerce.

20.

Defendant Wattleton owns and operates Defendant Art Center.

21.

Defendant Wattleton directly and indirectly controls, determines and directs the day-to-day operations of Defendant Art Center.

22.

Defendant Wattleton directly supervised and controlled work schedules and other terms of employment of the Plaintiff when she was employed at Defendant Art Center.

23.

Defendant Wattleton determined the rate and method of payment for the Plaintiff's compensation for employment when she was employed at Defendant Art Center.

24.

Defendant Wattleton had the power to hire and fire the Plaintiff when she was employed at Defendant Art Center.

25.

Defendant Wattleton maintains the employment records of the Plaintiff related to her employment at Defendant Art Center.

26.

Defendant Wattleton maintains the wage and hour records of the Plaintiff related to her employment at Defendant Art Center.

27.

Defendant Wattleton has the ultimate power to make binding policy decisions for Defendant Art Center.

28.

Defendant Wattleton was an employer of Plaintiff for the purposes of the FLSA when she worked at Defendant Art Center.

29.

Plaintiff worked at Defendant Art Center from on or about April 2013 through August 2013.

30.

Defendants agreed to pay Plaintiff a salary for her services to them.

31.

Plaintiff's duties included establishing an internet presence, securing and renovating space for the purposes of the Art Center, interacting and establishing public relations with neighboring residents and businesses, securing tenants, establishing relationships with artists for the benefit of the Art Center, establishing security and storage services for the Art Center, among other duties.

32.

Plaintiff's initial rate of pay was a salary of $6,333.33 per month.   This resulted in an annualized projected salary of $65,000.00.

33.

On multiple occasions, Plaintiff received no compensation for her work.

34.

During some work weeks during her employment, Plaintiff worked in excess of 40 hours.

35.

Based on receipt of no compensation, Defendants failed to pay Plaintiff

the legally required minimum hourly wage.

36.

Based on receipt of no compensation, Defendants failed to pay Plaintiff for work hours in excess of 40 hours per workweek.

37.

Defendants have acted at all times willfully and knew or should have known that Plaintiff should have been paid in compliance with the FLSA.

38.

In conjunction with her services to Defendants, Plaintiff paid for business supplies, equipment, and operating costs of the business for which she expected and was informed by Defendants that she would be reimbursed for them.

39.

For example, Plaintiff loaned Defendants monies upon the assumption and belief that the funds would be used for operating, taxes, and payroll purposes.

40.

Plaintiff has received reimbursements from Defendants for only the costs associated with the purchase and care of a security dog named Astrid.

9

41.

Defendants have utilized Plaintiff's loans to their benefit and have refused to repay her for the monies loaned.

42.

Plaintiff also lent a truck trailer to Defendants for their storage needs at the Art Center.

43.

This truck trailer remains in a fenced area related to the Art Center's premises and, upon information and belief, contains property of the Art Center.

44.

Plaintiff has sought the return of the trailer from Defendants without success and/or the permission from Defendants to enter the premises in order to remove the truck trailer.

45.

Defendants have used and continue to use the truck trailer for their benefit without continued permission from Plaintiff and without payment.

46.

Plaintiff has been deprived use and possession of this truck trailer, causing

harm to her.

## COUNT I – VIOLATION OF THE FLSA FOR FAILURE TO PAY MINIMUM WAGE

47.

Plaintiff incorporates herein, by reference, Paragraphs 1 through 46 of this Complaint as though fully restated herein.

48.

Defendant Wattleton and Defendant Art Center employed Plaintiff, as that term is defined under the Fair Labor and Standards Act, and are employers under that same statute.

49.

Defendants compensated Plaintiff at an annualized salary of $65,000.00 and was entitled to bonuses in addition to that salary.  A copy of the compensation agreement is attached here as Exhibit A.

50.

Defendants failed to compensate Plaintiff consistent with the FLSA during her term of employment, which lasted from approximately May 2013 through August 2013.

11

51.

Defendants failed to compensate Plaintiff with any amount of money for multiple pay periods.

52.

Defendants drafted at least one paycheck to Plaintiff that was declined for insufficient funds and failed to pay her at all for other pay periods during her employment.

53.

The amount of unpaid compensation to Plaintiff exceeds $5,000.00.

54.

Due to the failure to pay Plaintiff on multiple occasions, Defendants failed to pay Plaintiff minimum wage.

55.

Due also to the failure to pay Plaintiff on multiple occasions a salary, Plaintiff should have been paid for each hour of work she performed each workweek up to forty hours at her regular rate of pay and one and one-half times her regular rate of pay for all time worked in excess of forty hours during any workweek in which she was not paid a salary.

56.

As a result of Defendants' failure to pay Plaintiff in accordance with the FLSA, Plaintiff is entitled to her lost wages, including payment of the overtime premium.

57.

Defendants have not acted in good faith, entitled Plaintiff to liquidated damages in an amount equal to the unpaid wages.

## COUNT II – QUANTUM MERUIT

58.

Plaintiff incorporates herein, by reference, Paragraphs 1 through 58 of this Complaint as though fully restated herein.

59.

Plaintiff reasonably relied upon Defendants promises to her that she would be compensated for her efforts on their behalves and relied upon these representations to her detriment.

60.

Defendants benefitted from Plaintiff's services rendered and would be unjustly enriched therefrom if Defendants were not required to compensate

13

Plaintiff for all services rendered.

<center>61.</center>

Defendants have failed to make payments and have refused to pay Plaintiff for substantial portions of the time worked for their benefit.

<center>62.</center>

The value of the services rendered by Plaintiff far exceed the promised payments that were to be made to her as she secured revenue streams for Defendants in contracts, administered and accounted for them, established marketing initiatives including an internet presence, and more for them.

<center>63.</center>

As a result of Defendants' failures to pay Plaintiff, Plaintiff has suffered damages for which Defendants are responsible.  It is fair and equitable for Defendants to be required to pay Plaintiff for the value of her services, and it would be unfair and inequitable for Defendants to reap the benefit of Plaintiff's services without being required to pay Plaintiff for them.

<center>64.</center>

The reasonable value of Plaintiff's services are at least in an amount of her regular rate as calculated by the monthly salary divided by 4.35 and then that

<center>14</center>

product divided by 40 or $36.40 per hour.

65.

Defendant Wattleton made the decision to require Plaintiff to provide services to him and his business and also made the decision not to compensate Plaintiff for all services rendered.

66.

Defendant Wattleton benefited from Plaintiff's services rendered and would be unjustly enriched therefrom if Defendant Wattleton was not required to compensate Plaintiff for all services rendered.

67.

Defendant Wattleton, on behalf of Defendant Art Center, made the decision to require Plaintiff to provide services to Defendant Art Center and also made the decision not to compensate Plaintiff for all services rendered.

68.

Defendant Art Center benefited from Plaintiff's services rendered and it would be unjustly enriched therefrom if Defendant Art Center was not required to compensate Plaintiff for all services rendered.

69.

Defendants have failed to make all payments to Plaintiff for all of her work that inured to their joint and individual benefit.

70.

As a result of Defendants' failures to pay Plaintiff, Plaintiff has suffered damages for which Defendants are responsible.  It is fair and equitable for Defendants to be required to pay Plaintiff for her services, and it would be unfair and inequitable for Defendants to reap the benefit of Plaintiff's services without being required to pay Plaintiff for them.

**COUNT III – QUANTUM MERUIT/UNJUST ENRICHMENT**

71.

 Plaintiff incorporates herein, by reference, Paragraphs 1 through 70 of this Complaint as though fully restated herein.

72.

Plaintiff reasonably relied upon Defendants promises to her that she would be reimbursed for expenses and advances or loans of monies she provided to Defendants for the benefit of the business of Defendant Art Center.  She relied upon these representations to her detriment.

16

73.

Defendants requested on multiple occasions, and Plaintiff agreed, to provide Defendant with a loans, paid with Plaintiff's personal check in an amount of $2,000.00 and cash in an amount exceeding $8,000.00, to fund business costs, payroll accounts, and tax liabilities in exchange for repayment and the survival of the Defendant Arts Center for which she worked.

74.

Defendants and Plaintiff also entered an agreement for Plaintiff to make purchases for the benefit of the Arts Center, such as office supplies, upon their promise of reimbursement to her for these purchases.

75.

Defendant have failed to reimburse Plaintiff for these business expenses in an amount exceeding $1,325.00.

76.

Plaintiff reasonably relied upon Defendants promises to her that she would be reimbursed for the personal monies she used to purchase services and supplies and to satisfy business obligations, such as payroll and taxes and more, for the benefit of the Defendants and relied upon these representations to her

detriment.

77.

Further, Defendants and Plaintiff entered an agreement for Plaintiff's two dogs to reside at the Art Center's premises in order to provide deterring security in exchange for Defendants' payment of all costs of the dogs' care and purchase price of the canines.

78.

Through their wrongful actions, Defendants have been unjustly enriched and unlawfully converted property to their benefit such that Plaintiff has suffered damages for which she should be made whole.

**COUNT IV – UNJUST ENRICHMENT (TRAILER)**

79.

Plaintiff incorporates herein, by reference, Paragraphs 1 through 78 of this Complaint as though fully restated herein.

80.

Plaintiff lent her truck trailer to Defendants for business purposes of Defendant Art Center at no cost to Defendants.

81.

Plaintiff's truck trailer was parked in a fenced area near the Defendant Art Center premises and in an area designated for its use.

82.

Plaintiff understood that the semi-truck utility trailer (hereinafter "trailer") would be used for storage purposes for the business of Defendant Art Center.

83.

After Plaintiff resigned her employment with Defendants, she revoked her permission for Defendants to use her trailer and requested that she be able to enter the premises to retrieve it.

84.

Defendants refused to respond to her multiple and reasonable requests to retrieve her trailer.

85.

Defendants have not compensated Plaintiff in any amount or in exchange for anything of value for their retention and use of the trailer.

86.

Defendants continue to retain and use the trailer.

87.

Defendants have deprived Plaintiff access, use and control of the trailer.

88.

The trailer's fair market value exceeds $5,000.00, and monthly usage would have been commensurate with market rental rates.

89.

Defendants' deprivation of property to Plaintiff has resulted in damage to Plaintiff for which they are responsible and have benefited unjustly and for which they should make her whole.

## COUNT V – ATTORNEYS' FEES

90.

Defendants acted in bad faith and are liable for attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11 for subjecting Plaintiff to financial expense and loss, distraction, attorneys' fees, and the costs and expenses of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for and demands the following:

A. That summons and process issue requiring Defendants to be served and to appear as provided by law to answer the allegations of this

Complaint;

B. That Plaintiff have a trial by jury of all issues so triable;

C. Grant Plaintiff a trial by jury as to all triable issues of fact;

D. That a judgment be entered awarding Plaintiff relief, including recovering all damages against the Defendants in such an amount that the fact-finder determines from the evidence she is entitled to recover under Georgia law including, but not limited to:

    a. An award of monetary damages that will make Plaintiff whole for all unreimbursed expenses;

    b. An award of monetary damages that will make Plaintiff whole for all loans of monies to Defendants;

    c. An award of monetary damages that will make Plaintiff whole for Defendants' unjust enrichment through the use and retention of Plaintiff's property, a trailer;

    d. An award of compensatory damages for unpaid wages and liquidated damages of an amount two times the compensatory damages;

    e. An award of reasonable attorney's fees consistent with damages

incurred by Plaintiff for unpaid compensation and/or as set forth

under O.C.G.A. § 13-6-11;

f.   Punitive damages against Defendants in an amount to be

determined by the trier of fact;

g.   Attorneys' fees and costs associated with the bringing and

prosecuting of this action.

h.   All other relief as provided by law, including equitable

remedies;

i.   Any and all other relief as the Court deems fit and proper.

This 17th day of January, 2014.

/s/ Jennifer H. Keaton
Jennifer H. Keaton
Georgia Bar No. 378081

The Keaton Firm, LLC
132 Lakeshore Drive
Marietta, Georgia 30067
Tel.  404-409-1348
Fax  404-920-0401
jkeaton@thekeatonfirm.com

Counsel to Plaintiff

## <u>CERTIFICATE OF COMPLIANCE WITH L.R. 5.1</u>

Pursuant to Local Rule 7.1D, I certify that the foregoing COMPLAINT was

prepared in Times New Roman, 14-point font, as approved by Local Rule 5.1.

<div style="margin-left:50%">

<u>s/Jennifer Keaton</u>
Jennifer Keaton
Ga. Bar No. 378081
The Keaton Firm, LLC
132 Lakeshore Drive
Marietta, Georgia  30067
Telephone:  404-409-1348
Fax: 404-920-0401
jkeaton@thekeatonfirm.com

</div>